| | |
|---|---|
| Case No. SA CV 21-01168-DOC-(JDEx) | Date: July 10, 2021 |

Title: SGII, INC. V. SODA CHANDA SUON

PRESENT: THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):  ORDER DENYING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [10]

Before the Court is Plaintiff SGII's ("Plaintiff") ex parte application for a temporary restraining order, expedited discovery and preservation order, and order to show cause regarding issuance of a preliminary injunction against Defendant ("Application") (Dkt. 10). Having considered the arguments, the Court DENIES the Application in part, but grants Plaintiff's request for expedited discovery.

Plaintiff seeks a temporary restraining order enjoining Defendant Soda Chanda Suon ("Defendant") from misappropriating Defendant's trade secrets and confidential information. Plaintiff, a skincare company, alleges that Defendant "engaged in a deliberate scheme to improperly acquire and retain – without permission – trade secrets, confidential information, and other property belonging to Plaintiff." Appl. at 1. Plaintiff alleges that "Defendant used an external USB storage device and personal email account to access, transfer, and/or retain from [Plaintiff's] computer, network, and proprietary database, confidential and highly valuable information belonging to [Plaintiff]." *Id*.

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff

seeking preliminary injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Alternatively, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation omitted). A "serious question" is one on which the movant "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984). Courts have recognized very few circumstances justifying the issuance of an ex parte temporary restraining order. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Plaintiff has not shown that it is likely to suffer irreparable harm in the absence of preliminary relief. According to Plaintiff, Defendant's actions could cause Plaintiff to be deprived of its "competitive market position" and face the "possibility of losing business, losing current and future market share, and being deprived of its contractual rights . . . ." Appl. at 18–19. However, to the extent that any lasting harm is done to Plaintiff's profits, such harm would be compensable by money damages if Plaintiff prevails at trial. As such, the issuance of a temporary restraining order would be inappropriate here.

Plaintiff also requests expedited discovery regarding the nature of Defendant's alleged misappropriation. Appl. at 21. A party seeking expedited discovery must establish good cause. Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Here, while potential harms to Plaintiff are compensable with money damages, Plaintiff's allegations remain quite serious, and expedited discovery is warranted to quickly uncover the full extent of Defendant's conduct. Defendant will not be prejudiced by the Court granting limited expedited discovery as to the issues discussed in Plaintiff's Application. Appl. at 22.

Accordingly, the Application is DENIED in part, but Plaintiff's request for expedited discovery is granted.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kd